IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-469-BO

| | | |
|---|---|---|
| ALMA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on parties' Cross-Motions for Judgment on the Pleadings,

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff argues that the

Administrative Law Judge ("ALJ") erred by: (1) failing to consider Plaintiff's impairments in

combination; (2) failing to consider Plaintiff's fibromyalgia; and (3) relying improperly on an

independent expert's testimony. The Commissioner argues that the decision was supported by

substantial evidence. For the reasons stated below, the ALJ's decision is AFFIRMED.


I.       SUMMARY OF THE INSTANT DISPUTE

The procedural history in this case is extensive. Plaintiff filed an application for Title II

disability benefits on June 6, 2002, alleging an onset date of April 1, 1998. Transcript ("T") p.

191. On October 16, 2002, the claim was denied and Plaintiff filed a Request for

Reconsideration on November 20, 2002. T pp. 224, 228. This was denied on December 19,

2002. T p. 229.

Plaintiff then filed a Request for Hearing on January 2, 2003. T p. 232. A hearing was

held before Administrative Law Judge ("ALJ") H. Lloyd King, Jr., on August 12, 2004. T pp. 62 89. The ALJ denied Plaintiff's claim on October 29, 2004. T pp. 193-208. Plaintiff filed a Request for Review on December 26, 2004. T pp. 240-42. On April 28, 2005, the Appeals Council issued an Order remanding the case to the ALJ for a new hearing. T pp. 244-48.

On March 21, 2006, a second hearing was held before ALJ King. T pp. 90-146. Once again, ALJ King denied Plaintiff's claim on May 18, 2006. T pp. 209-23. Plaintiff filed a second Request for Review on July 14, 2006. T pp. 254-59. The Appeals Council issued a second order remanding the case, this time to a different ALJ, on September 16, 2006. T pp. 260-63.

On March 1, 2007, a third hearing was held before ALJ Larry A. Miller. T pp. 147-190. Once again, the ALJ denied Plaintiff's claim in a written decision dated March 20, 2007. Plaintiff filed a third request for review on May 21, 2007. T pp. 849-852. The Appeals Council denied Plaintiff's request on October 1, 2007. On April 14, 2008, Plaintiff filed a Motion for Judgment on the Pleadings in this Court and on October 10, 2008, a hearing was held in Raleigh, North Carolina. This matter is now before the Court.


II.     DISCUSSION

The Commissioner's finding that Plaintiff was not disabled within the meaning of the Social Security Act ("SSA") was arrived at via the correct legal standards and is supported by substantial evidence. Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to consider Plaintiff's impairments in combination; (2) failing to consider Plaintiff's fibromyalgia; and (3) relying improperly on an independent expert's testimony.

-2-

This Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.[1] If the Commissioner's decision is supported by substantial evidence, it must be affirmed.[2] Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.[3] It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance.[4] It is not within the Court's province to re-weigh the evidence or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence.[5]

First, the ALJ did not fail to appropriately consider Plaintiff's impairments in combination. To the contrary, the ALJ states specifically in his opinion that "Dr. Nathan Strahl, the medical expert, testified that the claimant's impairments, **either alone or in combination,** did not meet or medically equaled [sic] the criteria of the applicable Medical Listings through the date last insured." T p. 21 (emphasis added). The ALJ then went on to discuss in depth Plaintiff's physical and mental impairments and why he believed Plaintiff did not meet or exceed a listing. T pp. 21-22. Therefore, Plaintiff's allegation that the ALJ did not meet the correct legal standard is unfounded.

Second, Plaintiff contends that the ALJ failed to discuss Plaintiff's diagnosis of

---

[1] 42 U.S.C. § 405(g).

[2] 42 U.S.C. § 405(g).

[3] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[4] *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

[5] *Id.*

-3-

fibromyalgia and its effect on her ability to work. However, Plaintiff also admits that the ALJ recognized Plaintiff's fibromyalgia as a serious impairment at step two. The ALJ also considered the independent medical testimony of Dr. Strahl, which testimony was required by the Appeals Council. T p. 262. Dr. Strahl testified that, though Plaintiff suffered from "significant pain in her neck and shoulder secondary to fibromyalgia," she did not meet or exceed any listing. T pp. 21, 180-81. In fact, no treating source opined that Plaintiff's fibromyalgia rendered her incapable of performing work before her date last insured ("DLI").

In addition, the ALJ rightfully disregarded Plaintiff's contentions that her fibromyalgia rendered her incapable of working because of Plaintiff's history of trickery. On November 9, 2005, Dr. Elkins, a consultative physician, concluded that Plaintiff showed "under-effort" in testing designed to evaluate Plaintiff's shoulder range of motion, motor testing, and strength. T p. 800. Dr. Elkins further found that there were little to no objective findings supporting Plaintiff's subjective complaints. *Id.*

Furthermore, Plaintiff admitted on June 1, 2006, that she thought the treatment at the mental health center was pointless and came to the mental health center "**as a ploy to get her Disability**." T p. 831 (emphasis added). Thus, given Plaintiff's history of disingenuous actions and the lack of objective evidence in support of Plaintiff's claims, the ALJ's decision to disregard her complaints was supported by substantial evidence.

Third, the ALJ appropriately considered Dr. Strahl's testimony with respect to Plaintiff's alleged psychosis and the post DLI evidence of disability. Plaintiff argues that Dr. Strahl ignored Plaintiff's numerous episodes of angry demeanor, her outbursts of anger, her issues with psychosis, and her personality disorder diagnosis. However, Dr. Strahl specifically addressed all

-4-

of these things. He stated that Plaintiff was never repeatedly diagnosed with personality disorder or psychosis, which is supported by the fact that there is only one diagnosis of personality disorder in the record.[6] He also noted that Plaintiff's outbursts arose out of instances where she was unable to obtain medication or disability benefits, and that Plaintiff's anger in those circumstances was not indicative of a larger problem. T pp. 184, 831. These outbursts were considered both by Dr. Strahl, who suggested limiting Plaintiff's contact with others, and by the ALJ, who limited Plaintiff to occasional contact with co-workers and no public contact. T pp. 23, 185.

Similarly, the ALJ weighed Dr. Strahl's opinion against Dr. Mallenbaum's opinion and found that Dr. Strahl's opinion was better supported by the evidence. Furthermore, the case that Plaintiff cites in support of her contention that the ALJ improperly disregarded the post-DLI evidence is not applicable to these facts. In *Stawls v. Califano*, 596 F.2d 1209 (4th Cir. 1979), the post-DLI medical opinions not only stated that the plaintiff was disabled, but also that she was disabled **before** her DLI. Here, the post-DLI records state neither that Plaintiff is currently disabled nor that she was disabled before her DLI. Therefore, the ALJ's finding was supported by substantial evidence.

III.    CONCLUSION

The ALJ employed the correct legal standard when evaluating Plaintiff's physical and mental impairments because he discussed them in combination and relied on a medical expert's testimony regarding whether Plaintiff's impairments met or exceeded a listing. The ALJ's

---

[6]Plaintiff's Brief at 17; T p. 183.

findings were supported by substantial evidence because he accepted the testimony of a medical

expert, whose findings were supported by the objective medical evidence, and correctly limited

the credibility of Plaintiff's testimony. Therefore, the ALJ's decision is AFFIRMED.


SO ORDERED, this _____ day of October 2008.


_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE